IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| BALTIMORE AND CHARLES ASSOCIATES, LLC, | * | Case No. 10-17685-JS |
| | * | |
| Alleged Debtor. | * | |
| | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### HEARING MEMORANDUM IN SUPPORT OF
### MOTION BY BALTIMORE AND CHARLES ASSOCIATES, LLC
### TO DISMISS THE INVOLUNTARY PETITION

Baltimore and Charles Associates, LLC ("Baltimore and Charles") by its undersigned counsel, files this memorandum in support of its Motion to Dismiss the Involuntary Petition filed by petitioning creditors James M. Jost & Company, Inc. ("Jost"), Dimensional Metals & Refinishing, Inc. ("Dimensional"), Klima Electric Company, Inc. ("Klima"), and Clevenger Corporation ("Clevenger") (collectively, "Petitioners") to clarify the procedural posture of the case.

### PROCEDURAL HISTORY

On April 8, 2010, Jost, Dimensional, and Klima filed an involuntary petition against Baltimore and Charles (the "Petition"). The Petition consists of an involuntary petition form along with affidavits from the presidents of Jost, Dimensional, and Klima (the "Affidavits"). The Affidavits consist of invoices for services allegedly performed and the conclusory statement that "[t]he amount claimed to be due and owing are not contingent and are not the subject of a bona fide dispute." On April 27, 2010, Clevenger joined the Petition by filing a line and submitting an affidavit from the president of Clevenger that is substantially similar to the previously filed Affidavits.

On April 30, 2010, pursuant to Federal Rule of Bankruptcy Procedure 1011(b) and Federal Rule of Civil Procedure 12(b)(6), Baltimore and Charles filed a Motion to Dismiss the Involuntary Petition (the "Motion to Dismiss") and a memorandum in support thereof (the "Memorandum") for failure to state a claim on the grounds that Petitioners do not qualify as creditors under 11 U.S.C. § 303(b)(1) because, *inter alia*, it is clear from the "four corners" of the Petition and the Affidavits that there is no contractual privity and the alleged claims are subject to bona fide disputes. On May 13, 2010, Baltimore and Charles filed an Amended Motion to Dismiss the Involuntary Petition (the "Amended Motion") and a memorandum in support thereof (the "Amended Memorandum") to address issues raised by Clevenger's joinder.

A hearing on the Motion to Dismiss is scheduled for July 13, 2010 at 10:00 a.m. before the Honorable Robert A. Gordon.

## STANDARD OF REVIEW ON MOTION TO DISMISS

Pursuant to Federal Rule of Bankruptcy Procedure 1011(b), "[d]efenses and objections to [an involuntary petition] shall be presented in the manner prescribed by Rule 12 F.R.Civ.P." Thus, an alleged debtor may assert any of the defenses available under Federal Rule of Civil Procedure 12(b), including 12(b)(6).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). Therefore, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997).

Although Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," the Supreme Court of the United States recently explained that a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). The factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. "'The pleading must contain something more than a statement of facts that merely create a suspicion of a legally cognizable right of action.'" *Id*. at 555 (emphasis added) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d. ed. 2004). Thus, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

The filing of a 12(b) motion tolls the time to file an Answer to an involuntary petition. Under Federal Rule of Bankruptcy Procedure 1011(c), "[s]ervice of a motion under Rule 12(b) F.R.Civ.P. shall extend the time for filing and serving a responsive pleading as permitted by Rule 12(a) F.R.Civ.P." "If the court denies a motion or postpones its disposition until trial on the merits, the answer must be served within 10 days after notice of the court's action." Fed. R. Bankr. P. 1011 at Committee Note to Section (c). Accordingly, Baltimore and Charles has not filed an Answer to the Petition, but intends to do so if the Court denies its Motion to Dismiss.

## THE PETITION FAILS TO STATE A CLAIM

As discussed fully in the Memorandum and the Amended Memorandum, Petitioners have failed to state a claim because they did not plead sufficient facts to show

that they have direct claims against Baltimore and Charles or that their alleged claims are not subject to bona fide disputes. Klima, Dimensional, and Clevenger failed to plead any specific facts showing a direct contractual relationship with Baltimore and Charles. Moreover, Petitioners have failed to allege facts demonstrating the absence of bona fide disputes with respect to their alleged claims. *See Schlossberg v. Byrd (In re Byrd)*, 357 F.3d 433, 437 (4th Cir. 2004) (holding that initial burden is on "petitioning creditor to establish a prima facie case that no bona fide dispute" exists). Petitioners' self-serving conclusory statements are insufficient. *See* Affidavits attached to Petition at ¶ 5 ("The amount claimed to be due and owing are not contingent and are not the subject of a bona fide dispute."). Furthermore, Petitioners all knew at the time that they signed and filed the Affidavits that Baltimore and Charles, in fact, disputed the claims of the mechanics and materialmen asserting claims through Jost, the general contractor.

## **CONCLUSION**

Since the Petition was filed, Petitioners have taken extensive discovery of Baltimore and Charles and of third parties. They have filed a new affidavit by Jost which significantly changes what they originally alleged in the Petition. While Baltimore and Charles continues to believe that the Petition should be dismissed, if it is not, Baltimore and Charles will file an Answer and then conduct discovery, as permitted by the Federal Rules of Bankruptcy Procedure, designed to learn the facts and contest Petitioners' claims on the merits. For these reasons, and the reasons set forth in the Memorandum and the Amended Memorandum, the Petition should be dismissed. In the event that this Court determines that Petitioners have pleaded sufficient facts to state a claim, Baltimore

and Charles must be given an opportunity to file its Answer to the Petition, conduct discovery, and have a jury trial on the merits.

    /s/   *Deborah H. Devan*
Deborah H. Devan, Federal Bar No. 01479
Thomas M. Wood IV, Federal Bar No.00365
Brian M. Boyle, Federal Bar No. 28242
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland  21202-3282
 (410) 332-8550
dhd@nqgrg.com

Attorneys for Baltimore and Charles Associates, LLC